UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| ALECIA Y. FARLEY, *et al.*,<br><br>                                    Plaintiffs,<br>v.<br><br>BANK OF AMERICA, N.A., *et al.*,<br><br>                                  Defendants. | Action No. 3:14-CV-568 |

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendants Bank of America, N.A.'s and Bank of America Home Loan Servicing L.P.'s ("BANA's") Motion To Strike Plaintiffs' Response To Motion To Dismiss (ECF No. 15) ("Motion to Strike Plaintiffs' Response"), Plaintiffs Alecia Y. Farley's and Marvin A. Farley's ("Plaintiffs'") Motion To Seek Leave To Amend Counter-Claim For Motion to Dismiss (ECF No. 22) ("Motion for Leave to Amend"), Plaintiffs' Motion To Dismiss Defendants' Motion To Strike Plaintiffs' Response To Motion To Dismiss (ECF No. 24) ("Motion to Dismiss BANA's Motion to Strike Plaintiffs' Response"), BANA's Motion To Strike Plaintiffs' Surreply (ECF No. 28) ("Motion to Strike"), and Plaintiffs' Motion To Seek Leave To Respond And To Dismiss Defendants' Motion To Strike Plaintiffs' Surreply (ECF No. 31) (Motion for Leave to File Surreply and Motion to Dismiss"). The aforementioned, interrelated motions stem from BANA's Motion to Dismiss (ECF No. 9), which is currently pending before the Court.

    I.    **PROCEDURAL BACKGROUND**

On August 12, 2014, Plaintiffs filed a complaint in this Court against BANA, who appears to be the holder and servicer of a note and mortgage to property Plaintiffs own or owned at one time. The comprehensive, thirty-one (31) page complaint alleges the following claims against BANA:  Count I:  Violation of the Virginia Consumer Protection Act; Count II:  Violation of 15 U.S.C. § 1692(f)(1)  (Unfair Practices); Count III:  Conversion; Count IV:

1

Fraudulent Concealment; Count V: Violation of criminal code 18 U.S.C. § 1341 (fraud and swindles); and Count VI: Violation of Uniform Commercial Code ("UCC") § 8-102 (Adverse Claim) and § 3-305 (Recoupment).[1] The allegations stem from Plaintiffs' belief that BANA obtained Plaintiffs' financial information through illicit means and entered Plaintiffs into a loan modification without their knowledge or consent.

On September 5, 2014, BANA filed a Motion to Dismiss Plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 9. On September 23, 2014, Plaintiffs filed a response entitled, "Counter-Claim for Motion to Dismiss." ECF No. 12. Subsequently, BANA filed its reply on September 29, 2014. ECF No. 13.

On September 29, 2014, BANA also filed a Motion to Strike Plaintiffs' Response under Local Rule 7(F)(3) because Plaintiffs' "Counter-Claim for Motion to Dismiss" exceeded the thirty (30) page limit. ECF No. 15. On October 3, 2014, Plaintiffs filed a Motion for Leave to Amend their "Counter-Claim for Motion to Dismiss." ECF No. 22. In their moving papers, Plaintiffs explicitly stated that they filed the Motion for Leave to Amend pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure. Claiming the right to amend as a matter of course, Plaintiffs attached a proposed Amended Memorandum of Law In Support of Counter-Claim For Motion To Dismiss. ECF No. 22-1. BANA does not object to Plaintiffs' amended response to "the extent Plaintiffs are attempting to file a response brief that conforms to the page requirements in Local Rule 7(F)(3)." BANA's Memorandum of Law in Support of Motion to Dismiss ("Def.'s Mem.") at 1 n.1. On October 6, 2014, Plaintiffs filed a Motion to Dismiss BANA's Motion to Strike Plaintiffs' Response. ECF No. 24.

With BANA's reply, the briefing on BANA's Motion to Dismiss was complete pursuant to Local Rule 7(F)(1). However, on October 9, 2014, Plaintiffs—without leave of Court—filed "Plaintiffs' Response Defendants' Reply In Support Motion To Dismiss" [sic] ECF No. 27. On October 14, 2014, BANA filed a Motion to Strike Plaintiffs' Surreply. ECF No. 28. In turn,

---

[1] This last Count is incorrectly labeled as "Count V" in Plaintiffs' complaint. Complaint ("Compl.") at 27.

2

Plaintiffs filed a Motion for Leave to File Surreply and Motion to Dismiss BANA's Motion to Strike. ECF No. 31.

## II. DISCUSSION

### A. *BANA's Motion to Strike Plaintiffs' Response, ECF No. 15, and Plaintiffs' Motion to Dismiss BANA's Motion to Strike Plaintiffs' Response, ECF No. 24*

On September 5, 2014, BANA filed a Motion to Dismiss Plaintiffs' complaint and an accompanying memorandum in support pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF Nos. 9, 10. In response, Plaintiffs filed a "Counter-Claim for Motion To Dismiss" along with an accompanying memorandum. ECF No. 12. Plaintiffs' response is forty-three (43) pages not including attached exhibits. Thus, BANA moved to strike Plaintiffs' response because it violated Rule 7(F)(3) of the Local Rules. ECF No. 15.

Rule 7(F)(3) specifically provides that briefs in response "shall not exceed thirty (30) . . . pages." E.D. Va. Local Civil Rule 7(F)(3). Where a response brief greatly exceeds the page limit established in Rule 7(F)(3), the Court has the authority to strike the response brief. *U.S. ex rel. DRC, Inc. v. Custer Battles, LLC*, 472 F. Supp. 2d 787, 792 (E.D. Va. 2007) *aff'd*, 562 F.3d 295 (4th Cir. 2009) (striking two response briefs because they totaled forty-five pages).

Because Plaintiffs' forty-three (43) page response, filed on September 23, 2014, exceeds the page limit mandated by Local Rule 7(F)(3), the Court hereby GRANTS BANA's Motion to Strike Plaintiffs' Response, ECF No. 15, and DIRECTS that Plaintiffs' "Counter-Claim For Motion To Dismiss," be stricken, ECF No. 12. Plaintiffs' Motion to Dismiss BANA's Motion to Strike Plaintiffs' Response, ECF No. 24, is hereby DENIED AS MOOT because the Court is granting Plaintiff leave to amend its response to BANA's Motion to Dismiss so as to comply with Local Rule 7(F)(3). Therefore, the Court sees no need for oral argument on this matter, *see* ECF No. 20. *See* E.D. Va. Loc. Civ. R. 7(J).

      B. *Plaintiffs' Motion To Seek Leave To Amend Counter-Claim for Motion to Dismiss, ECF No. 22 and Plaintiffs' Motion for Oral Argument, ECF No. 20*

On October 3, Plaintiffs filed a Motion To Seek Leave To Amend Counter-Claim For Motion To Dismiss. ECF No. 22. Because Plaintiff's Amended Memorandum Of Law In Support Of Counter-Claim For Motion To Dismiss only seeks to conform to the page limits mandated by Local Rule 7(F)(3) and because BANA does not oppose such an amendment, the Court hereby GRANTS Plaintiffs' Motion for Leave to Amend, ECF No. 22 and DIRECTS the Clerk to file Plaintiffs' Amended Memorandum of Law In Support Of Counter-Claim For Motion To Dismiss, ECF No. 22-1.

      C. *BANA's Motion to Strike, ECF No. 28, and Plaintiffs' Motion for Leave to Respond and Motion to Dismiss, ECF No. 31.*

BANA filed a Motion to Dismiss on September 5, 2014. In turn, Plaintiffs filed a response on September 23, 2014. BANA filed its reply on September 29, 2014. Upon BANA filing its reply on September 29, 2014, the briefing on BANA['s] Motion to Dismiss was complete pursuant to Local Rule 7(F)(1). Plaintiff then filed a Surreply on October 9, 2014, ECF No. 27, which was out of order and not in compliance with the local rules. *See* E.D. Va. Loc. Civ. R. 7(F)(1). Therefore, the Court hereby GRANTS BANA's Motion to Strike, ECF No. 28 and DENIES Plaintiffs' Motion for Leave to Respond and Motion to Dismiss, ECF No. 31.

### III. CONCLUSION

For the aforementioned reasons, the Court hereby:

1. GRANTS BANA's Motion to Strike Plaintiffs' Response, ECF No. 15, and, accordingly, DENIES Plaintiffs' Motion to Dismiss BANA's Motion to Strike Plaintiffs' Response, ECF. No. 24;
2. GRANTS Plaintiffs' Motion for Leave to Amend, ECF No. 22, DIRECTS the Clerk to file Plaintiffs' Amended Memorandum of Law In Support Of Counter-Claim For Motion To Dismiss, ECF No. 22-1, and DENIES AS MOOT Plaintiffs' Motion for Oral Argument, ECF No. 20;
3. GRANTS BANA's Motion to Strike, ECF No. 28, and DENIES Plaintiffs' Motion for Leave to Respond and Motion to Dismiss, ECF No. 31.

Let the Clerk send a copy of this Memorandum Opinion to all parties and counsel of record.

An appropriate Order shall issue.

It is SO ORDERED.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this ___28th___ day of October 2014