UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ALECIA Y. FARLEY, *et al.*,

                      Plaintiffs,

v.

BANK OF AMERICA, N.A., *et al.*,

                      Defendants.

Action No. 3:14-CV-568

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendants Bank of America, N.A.'s and Bank of America Home Loan Servicing L.P.'s ("BANA's") Motion to Dismiss ("Motion"), ECF No. 9 and Motion for Sanctions, ECF No. 17. Also before the Court is a Motion to Deny Defendant's Notice of Waiver of Oral Argument, ECF. No. 19, a Motion for Leave to File Plaintiff's Response and Motion to Dismiss Defendant's Motion for Sanctions, ECF No. 37, a Motion for Leave to File Plaintiff's Second Motion to Dismiss Defendant's Motion for Sanctions, ECF No. 39, and a Motion to Seek Leave for Court to Initiate and Direct an Order for Discovery From Defendants, ECF No. 48, filed by Plaintiffs Alecia Y. Farley and Marvin A. Farley ("Farleys").

For the reasons explained in the Memorandum Opinion, the Court will: (1) GRANT BANA's Motion to Dismiss, ECF No. 9, and the Complaint will be DISMISSED WITH PREJUDICE, ECF No. 9; (2) GRANT BANA's Motion for Sanctions, ECF No. 17; (3) DENY the Farleys' Motion to Deny Defendant's Notice of Waiver of Oral Argument, ECF. No. 19; (4) DENY AS MOOT the Farleys' Motion for Leave to File Plaintiff's Response and Motion to Dismiss Defendant's Motion for Sanctions, ECF No. 37; (5) DENY AS MOOT the Farleys' Motion for Leave to File Plaintiff's Second Motion to Dismiss Defendant's Motion for Sanctions, ECF No. 39; and (6) DENY the Farleys' Motion to Seek Leave for Court to Initiate and Direct an Order for Discovery From Defendants, ECF No. 48.

I. **PROCEDURAL BACKGROUND**

On August 12, 2014, the Farleys filed a Complaint in this Court against BANA, who appears to be the holder and servicer of a note and mortgage to property the Farleys own or owned at one time. The comprehensive, thirty-one (31) page complaint alleges the following claims against BANA: Count I: Violation of the Virginia Consumer Protection Act; Count II: Violation of 15 U.S.C. § 1692(f)(1) (Unfair Practices); Count III: Conversion; Count IV: Fraudulent Concealment; Count V: Violation of criminal code 18 U.S.C. § 1341 (Fraud and Swindles); and Count VI: Violation of Uniform Commercial Code ("UCC") § 8-102 (Adverse Claim) and § 3-305 (Recoupment).[1] The allegations stem from the Farleys' belief that BANA obtained the Farleys' financial information through illicit means and entered them into a loan modification without their knowledge or consent. The Farleys have now filed seven lawsuits arising out of the mortgage loan and the attempted foreclosure sale of the property located at 1240 New Bethel Road, Meherrin, Virginia. In sum, the Farleys attempt to distinguish the instant suit from their four state courts lawsuits, which were dismissed with prejudice by the Circuit Court for Price Edward County, Virginia, by claiming that their current lawsuit arises from BANA unilaterally creating a new loan contract.

On September 5, 2014, BANA filed a Motion to Dismiss the Farleys' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 9. On September 23, 2014, The Farleys filed a response entitled, "Counter-Claim for Motion to Dismiss." ECF No. 12. Subsequently, BANA filed its reply on September 29, 2014. ECF No. 13; *see* ECF No. 35.

II. **FACTUAL BACKGROUND**

On May 5, 2006, the Farleys obtained a mortgage loan from America's Wholesale Lender ("AWL") in the amount of $98,800.00 (the "Loan"). In conjunction with the Loan, the Farleys

---

[1] This last Count is incorrectly labeled as "Count V" in Plaintiffs' complaint. *See* Complaint ("Compl.") at 27.

executed an Adjustable Rate Note (the "Note") and a Deed of Trust (the "Deed") on May 5, 2006.

On August 30, 2012, the Farleys allege that they sent "a Qualified Written Request and a CEASE and DESIST" letter to BANA (the "August 30, 2012 Letter"). Complaint ("Compl.") ¶ 4. In the August 30, 2012 letter, the Farleys demanded that BANA cease all collection efforts associated with their mortgage loan and further demand that BANA respond to the August 30, 2012 letter by affidavit within ten days. *Id.* Subsequently, on October 6, 2012, the Farleys contend that BANA sent them a letter regarding a potential loan modification as a result of the United States Department of Justice and State Attorneys General global settlement. *Id.* ¶ 6. According to the Farleys, BANA was "clandestinely" attempting to get the Farleys to believe they were approved for a loan modification. *Id.* ¶ 8. The October 6, 2012 letter indicates that the Farleys were being evaluated for loan modification options.

On October 11, 2012, BANA responded to the August 30, 2012 letter by identifying the owner of the Note and the servicer information for the Farleys' mortgage loan. *Id.* ¶ 11. The October 11, 2012 response also indicated that BANA would provide the Farleys with a detailed payoff statement. *Id.* On October 16, 2012, the Farleys declined BANA's offer to explore a loan modification. *Id.* ¶ 12. On October 17, 2012, BANA provided the Farleys with a loan payment history, a verification of the debt, and a notice that there was no foreclosure sale scheduled at that time. *Id.* ¶ 15. According to the Farleys, BANA's correspondence was part of a scheme designed to "throw Plaintiffs off the scent." *Id.* ¶ 16.

On October 23, 2012, the Farleys received an "Escrow Account Review." *Id.* ¶ 18. On December 5, 2012, BANA sent the Farleys another notice of escrow review. *Id.* ¶ 19. On December 28, 2012, the Farleys sent a letter to BANA again declining a loan modification. *Id.* ¶ 20. According to the Farleys, at this point, BANA "'clandestinely' entered the Plaintiffs into a 'home-made' contract . . . ." *Id.* ¶ 22. Subsequently, on February 1, 2013, the Farleys received an account statement. *Id.* ¶ 23. On February 5, 2013, BANA sent the Farleys a letter, which

y
z
a

confirmed that the Farleys' original loan documents were still in effect and BANA would continue to service the loan pursuant to the original loan documents. *Id.* ¶ 24.

On May 31, 2013, the Farleys sent BANA a "Notification of Adverse Claim Recoupment Claim," which purported to place some obligations on BANA to respond and accept the claims. *Id.* ¶ 25. By not responding, the Farleys allege that BANA is in default of various UCC letters and filings. *Id.* ¶¶ 25, 26. The Farleys further allege that, subsequently, they sent BANA several letters that requested BANA explain how it "creat[ed] and activate[d] a new escrow account [for the Farleys] from 'ghost' financials." *Id.* ¶ 27. In conclusion, the Farleys "have [made] several attempts to remedy the matter administratively." *Id.* ¶ 28.

### III. LEGAL STANDARD

A motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a claim, rather than the facts supporting it. Fed. R. Civ. P. 12(b)(6); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A court ruling on a Rule 12(b)(6) motion must therefore accept all of the factual allegations in the complaint as true, *see Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254-55 (W.D. Va. 2001), in addition to any provable facts consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and must view these facts in the light most favorable to the plaintiff, *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). The Court can consider the complaint, its attachments, and documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

To survive a motion to dismiss, a complaint must contain factual allegations sufficient to provide the defendant "notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8(a)(2) requires the complaint to allege facts showing that the claim is plausible,

4

and these "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 540 U.S. at 555; *see id.* at 555 n.3. The Court need not accept legal conclusions presented as factual allegations, *id.* at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

IV. **DISCUSSION**

A. **Parties' Arguments**

In its Motion to Dismiss, BANA essentially makes three arguments. First, BANA argues that the Complaint generally fails to comply with Rule 8 and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Second, BANA argues that the Farleys' claims are barred by *res judicata*. Third, BANA contends that each of the Farleys' claims fail as a matter of law.

Because the Court finds BANA's third argument dispositive, the parties' arguments only as to BANA's contention that each of the Farleys' claims fail as a matter of law are set forth below.

BANA argues, specifically, that the Farleys fail to state a claim for violation of the Virginia Consumer Protection Act ("VCPA"). Specifically, the Farleys allege that BANA violated the VCPA "by mailing Plaintiffs communications which were deceptive, fraudulent, and misrepresentations of actual[] facts . . . ." Compl. ¶ 32. However, BANA argues that this claim is without merit for the following reasons: (1) this lawsuit does not involve a consumer transaction as defined under the VCPA and (2) the VCPA does not apply to banks, savings institutions, credit unions, and mortgage lenders.

In response, the Farleys for the first time contend that this suit involves a consumer transaction because BANA sent them letters, which the Farleys now characterize as "advertisements" under the VCPA. For support, the Farleys allege that BANA's October 6, 2012 letter to them (wherein BANA addresses the loan modification review process) was an advertisement.

5

Next, BANA argues that the Farleys fail to state a claim pursuant to § 1692(f)(1) of the Fair Debt Collection Practices Act ("FDCPA"). BANA explains that § 1692f(1) provides that collecting any amount that is not expressly authorized by the agreement creating the debt or permitted by law is an FDCPA violation and further asserts that FDCPA claims pursuant to § 1692f(1) are governed by a one year statute of limitations. *See* 15 U.S.C. § 1692k; *Thomas v. Wells Fargo Bank*, N.A., No. 4:10-CV-00060, 2011 WL 1877674, at \*2 (W.D. Va. May 17, 2011). Here, BANA contends, the Farleys' FDCPA claim is barred by the one year statute of limitations because the communications referenced in support of their FDCPA claim were sent to the Farleys in October and December 2012 and February 2013. Because they did not file the instant lawsuit asserting the aforementioned FDCPA claim until August 2014, they are barred by the applicable one year statute of limitations from asserting it now.

In response, the Farleys continue to recite their belief that they were placed in a loan modification without their approval as support for their FDCPA claim. The Farleys do no address BANA's assertion that the FDCPA claim is barred by the applicable one year statute of limitations.

Third, BANA argues that the Farleys do not allege any facts supporting a conversion claim and, thus, it should be dismissed. In sum, BANA argues that the Farleys dot not allege any facts that would support a conclusion that BANA exercised ownership over any good or chattel belonging to the Farleys. Instead, according to BANA, the Farleys, without more, only assert that BANA somehow "converted" their loan by changing the payment amount as a result of an escrow review. Therefore, BANA argues, the Farleys' allegations, or lack thereof, do no support a claim for conversion under Virginia law.

In response, the Farleys contend that their conversion claim is based on their mortgage payment changing from $922.28 in May 2006 to $987.28 in December 2012. Therefore, the Farleys only contend that a change in their loan payment amount was conversion.

Fourth, BANA asserts that the Farleys fail to state a claim for fraudulent concealment. Says BANA, the Farleys' allegations that BANA engaged in "deceptive" behavior by "conceal[ing] material facts," without more, constitutes mere legal conclusions that are not sufficient to withstand a motion to dismiss under Rule 12(b)(6) and *Iqbal.* Absent an alleged duty or specific facts supporting fraud, BANA argues that the Farley's claim fails as a matter of law and thus, should be dismissed.

As with the Farleys' other claims, their fraudulent concealment claim is premised on their allegation that BANA unilaterally caused the Farleys to be entered into a new loan agreement. Therefore, in their Response, the Farleys argue that BANA is fraudulently concealing evidence of this new loan agreement.

Additionally, BANA argues that the Farleys cannot state a private cause of action for mail fraud.[2] Because there is no private cause of action for mail fraud pursuant to 18 U.S.C § 1341, BANA asks the Court to dismiss the Farleys' "fraud and swindles" claim.

In their response, the Farleys' do not establish how they have a private cause of action for mail fraud.

Finally, BANA argues that the Farleys' UCC claims—*i.e.*, UCC § 8-102 (Adverse Claim) and UCC § 3-305 (Recoupment)—fail as a matter of law. BANA assets that, other than a single, conclusory allegation that it violated the UCC, the Farleys fail to allege any facts that would establish such a claim. BANA asserts that the Farleys' UCC claims are based on their erroneous theory that their "Notification of Adverse Claim and Recoupment" somehow imposed UCC obligations on BANA. BANA argues that the Farleys' UCC theory that liability can be discharged through the filing of UCC financing statements has been rejected as frivolous by the Fourth Circuit and other courts. Accordingly, because the Farleys fail to state any plausible basis for their UCC claims, BANA requests that the Court dismiss the claims.

---

[2] In their Complaint, the Farleys assert a claim labeled "fraud and swindles" and, in support of this claim, they cite 18 U.S.C § 1341, which governs mail fraud. Complaint ("Compl.") ¶ 83.

The Farleys do not refute BANA's arguments as to the UCC claims. Indeed, in their Response, the Farleys now cite to the Administrative Procedure Act as placing on BANA some duty to respond.

## V. ANALYSIS

### A. BANA's Motion to Dismiss

In its Motion to Dismiss, BANA essentially makes three arguments. First, BANA argues that the Complaint generally fails to comply with the Rule 8 and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Second, BANA argues that the Farleys' claims are barred by *res judicata*. Third, BANA contends that each of the Farleys' claims fail as a matter of law. The Court will address these arguments in reverse chronological order.

To recall, the Farleys allege the following claims against BANA: Count I: Violation of the Virginia Consumer Protection Act; Count II: Violation of 15 U.S.C. § 1692(f)(1) (Unfair Practices); Count III: Conversion; Count IV: Fraudulent Concealment; Count V: Violation of criminal code 18 U.S.C. § 1341 (Fraud and Swindles); and Count VI: Violation of Uniform Commercial Code ("UCC") § 8-102 (Adverse Claim) and § 3-305 (Recoupment). However, each claim is subject to dismissal for the reasons that follow.

#### i. Virginia Consumer Protection Act ("VCPA")

The Farleys attempt to state a claim against BANA based on the alleged violation of the Virginia Consumer Protection Act ("VCPA"). Compl. ¶¶ 29-39. Specifically, they allege that BANA violated the VCPA "by mailing Plaintiffs communications which were deceptive, fraudulent, and misrepresentations of actually facts . . ." Compl. ¶ 32. Therefore, say the Farleys, BANA violated § 59.1-200 of the VCPA. *Id.* ¶ 30; s*ee* Va. Code Ann. § 59.1-200.

To state a claim under the VCPA, the Farleys must allege "(1) fraud, (2) by a supplier, (3) in a consumer transaction." *Nahigian v. Juno Loudoun*, LLC, 684 F. Supp. 2d 731, 741 (E.D. Va. 2010). Addressing the last element first, a consumer transaction is defined as the "advertisement, sale, lease, license or offering for sale, lease or license of goods or services to be

8

used primarily for personal, family or household purposes." Va. Code Ann. § 59.1-198. This matter does not involve a consumer transaction as defined under the VCPA. Moreover, the VCPA explicitly states that it does not apply to banks, savings institutions, credit unions, and mortgage lenders. *Id.* § 59.1-199; *Green v. CitiMortgage, Inc.*, C/A, No. 5:11CV032, 2011 WL 5866230, at *7 (W.D. Virginia, Nov. 21, 2011) ("[T]he VCPA specifically excludes from its coverage 'mortgage lenders.'") (citing Va Code § 59.1-199). The Complaint involves BANA, which is a bank.

Therefore, the Farleys have failed to state a claim under the VCPA. BANA's Motion pursuant to Rule 12(b)(6) will be GRANTED as to Count I.

### ii. **Fair Debt Collections Practices Act ("FDCPA")**

The Farleys fail to state any claim pursuant to Section 1692(f)(1) of the Fair Debt Collection Practices Act ("FDCPA"). Here, the BANA communications referenced in support of their FDCPA claim were sent to the Farleys in October and December of 2012 and February of 2013. Compl. ¶¶ 42-45. The Farleys did not file this lawsuit asserting their FDC{A claim until August of 2014. Thus, the FDCPA's one year statute of limitations has since run on any instances of alleged misconduct that occurred in October and December of 2012 and February of 2013. See *Thomas v. Wells Fargo Bank*, N.A., No. 4:10CV00060, 2011 WL 1877674, at *2 (W.D. Va. May 17, 2011) (citing 15 U.S.C. § 1692k; *The Cancer Found., Inc. v. Cerberus Capital Mgmt.*, 559 F.3d 671, 674–75 (7th Cir. 2009) ("[D]ismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness.").

Because the Farleys' claim pursuant to § 1692(f)(1) of the FDCPA is time barred, BANA's Motion will be GRANTED as to Count II.

### iii. **Conversion**

The Farleys fail to plausibly support their conversion claim with any factual allegations that BANA committed any wrongdoing. The Farleys assert, without more, that BANA somehow "converted" their loan by changing the payment amount as a result of an escrow review. Compl.

9

¶ 50.  Therefore, the Farleys only contend that a change in their loan payment amount was conversion.  Indeed, the Farleys do not allege any facts that would support a conclusion that BANA exercised ownership over any good or chattel belonging to the them.  The Farleys' allegations, without more, constitute mere legal conclusions that are not sufficient to withstand a motion to dismiss under Rule 12(b)(6).

Because the Farleys have failed to state a claim for conversion, BANA's Motion pursuant to Rule 12(b)(6) will be GRANTED as to Count III.

### iv. Fraudulent Concealment

The Farleys fail to state any claim for fraudulent concealment.  In Virginia, "concealment of a material fact by one who knows that the other party is acting upon the assumption that the fact does not exist constitutes actionable fraud."  *Virginia Natural Gas Co., Inc. v. Hamilton*, 249 Va. 449, 455 (1995) (citations and quotations omitted).  "Proof of fraud by nondisclosure requires evidence of a knowing and deliberate decision not to disclose a material fact."  *Cohn v. Knowledge Connections, Inc.*, 266 Va. 362, 368 (2003) (citations and quotations omitted).  However, "[s]ilence does not constitute concealment in the absence of a duty to disclose."  *Bank of Montreal v. Signet Bank*, 193 F.3d 818, 827 (4th Cir. 1999) (applying Virginia law).  "A duty to disclose does not normally arise when parties are engaged in an arm's length transaction."  *White v. Potocska*, 589 F. Supp. 2d 631, 642 (E.D. Va. 2008) (citations and quotations omitted).

Indeed, a claim for fraud must be pled with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.  Pursuant to Rule 9(b), "a party must state with particularity the circumstances constituting fraud . . . ."  Fed. R. Civ. P. 9(b).  "The circumstances required to be pled with particularity are the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."  *Wolf v. Fed. Nat. Mortgage Ass'n*, 512 F. Appx. 336, 343 (4th Cir. 2013).  Conclusory allegations of fraud do not satisfy the requirements of Rule 9(b).  *Goldstein v. Malcolm G. Fries Y Assocs.*, 72 F. Supp. 2d 620, 627 (E.D. Va. 1999).

Here, the Farleys do not plead fraud with particularity. Simply incorporating words like "deceptive" and "conceal material facts" is not enough to plead the circumstances of false representations with any particularity. Compl. ¶ 32. Additionally, the Farleys do not allege any basis for concluding that BANA owed them any duty—absent an alleged duty or specific facts supporting fraud, the Farleys' claim fails as a matter of law. Therefore, the Farleys have failed to state a claim for fraudulent concealment.

Accordingly, BANA's Motion will be GRANTED as to Count IV.

v. **"Fraud and Swindles" (*i.e.,* Mail Fraud)**

BANA asserts that the Farleys' mail fraud claims, labeled "fraud and swindles" in their Complaint, *see* Compl. ¶83, under 18 U.S.C. § 1341 fails because there is no private right of action under this federal statute. The Farleys do not refute BANA's argument as to this claim.

The Supreme Court has held:

> [t]he single most significant reason for the expansive use of civil RICO has been the presence in the statute, as predicate acts, of mail and wire fraud violations. Prior to RICO, no federal statute had expressly provided a private damages remedy based upon a violation of the mail or wire fraud statutes, which make it a federal crime to use the mail or wires in furtherance of a scheme to defraud.

*Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 501, (1985) (citing 18 U.S.C. §§ 1341, 1343). "Courts in this circuit have expressly held that '[n]o private right of action exists for mail fraud, or for wire fraud.'" *Uhre v. Emmett A. Larkin Co.*, 205 F. Supp. 2d 474, 478 (D. Md. 2002) (quoting *Baker v. Data Dynamics, Inc.*, 561 F. Supp. 1161, 1166 (W.D.N.C.1983) (internal citations and quotations omitted)). Therefore, the Farleys have failed to state a claim for mail fraud.

Accordingly, BANA's Motion pursuant to Rule 12(b)(6) will be GRANTED as to Count V.

vi. **Uniform Commercial Code**

BANA argues that because the Farleys fail to present any valid basis for their UCC claims asserted in the instant matter, these claims should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Indeed, the Farleys' UCC claims—*i.e.,* UCC § 8-102 (Adverse

Claim) and UCC § 3-305 (Recoupment)—fail.  The Farleys' UCC claims are based on their belief that their various correspondence and demands to BANA placed an obligation on BANA.  Compl. ¶¶ 93.  Other than a few conclusory allegations that BANA violated the UCC, the Farleys fail to allege any other facts.

Accordingly, because the Farleys fail to state any plausible basis for their UCC claims, BANA's Motion will be GRANTED as to Count VI.

### B.  BANA's Motion for Sanctions

In its Motion for Sanctions, ECF No. 18, BANA requests that the Court impose non-monetary Rule 11 sanctions upon the Farleys—that being, dismissal of the instant lawsuit with prejudice and a pre-filing injunction (*i.e.*, a "gatekeeper" order).  BANA's Motion for Sanctions will be GRANTED and the Complaint will be DISMISSED WITH PREJUDICE.  ECF No. 18.

On June 26, 2013, Judge Gibney issued the following notice to the Farleys in a suit, virtually identical in substance to the instant one, they filed against Bank of America's officers:

> The Federal Rules of Civil Procedure . . . allow a court to sanction parties who file frivolous lawsuits or motions "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b).  This being plaintiffs' fifth lawsuit in less than two years related to the foreclosure of their home, the Court hereby puts the plaintiffs on notice that continuing to file frivolous lawsuits, such as this one, will likely result in sanctions.

The Farleys have filed several lawsuits related to the foreclosure of the home—two being filed since Judge Gibney issued the aforementioned warning in an order.  The Court finds that, time and time again, the Farleys keep bringing similar lawsuits on inadequate facts, and that is why the Farleys will be sanctioned in the following manner.

First, BANA's Motion to Dismiss, ECF No. 9, will be GRANTED and the instant lawsuit will be DISMISSED WITH PREJUDICE.  Second, having GRANTED BANA's Motion for Sanctions, ECF No. 18, the Court will impose certain restrictions upon the Farleys.  The Court finds it appropriate to protect itself from the Farleys' excessive filings and  to protect opposing parties from meritless lawsuits.  *Armstrong v. Koury Corp.*, 16 F. Supp. 2d 616, 619 (M.D.N.C.

1998) ("Courts have the authority to protects defendants from the harassment of frivolous and vexatious lawsuits, and to protect themselves from having to process frivolous and repetitive papers."). It is well established that a litigant who floods the Court with repetitive complaints may be subject to a system of pre-filing review. *See In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (holding that district courts have the authority to impose a pre-filing review system on frequent filers of frivolous complaints). There are no exceptions for *pro se* litigants. *Armstrong*, 16 F. Supp. 2d at 620. Because the Court GRANTS BANA's Motion for Sanctions, the Farleys are INSTRUCTED as follows:

1. Before filing any such lawsuit, the Farleys must first submit to the clerk of court where the Farleys seek to file the lawsuit: (i) an application for leave to file suit; (ii) a copy of the accompanying Order; and (iii) a notarized affidavit or declaration stating that the matters raised in the lawsuit have not been raised or decided in any other lawsuit, are brought in good faith, and are not for the purpose of harassment;

2. The Court where the Farleys seek to file must grant them leave to file the lawsuit before filings therein may be docketed or served on any party; and

3. Violation of the accompanying Order may result in a finding of contempt and imposition of civil penalties.

The Court dispenses with oral argument because the facts and legal contentions are adequately presented in the material before the Court and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(j).

## VI. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS BANA's Motion and the Complaint will be DISMISSED WITH PREJUDICE. ECF No. 9. The Court finds it unnecessary to address BANA's alternative argument that the Farleys' claims are barred by *res judicata*. Further, upon due consideration, the Court will:

1. GRANT BANA's Motion for Sanctions, ECF No. 17, and, accordingly, DENY AS MOOT the Farleys' Motion for Leave to File Plaintiff's Response and Motion to Dismiss Defendant's Motion for Sanctions, ECF No. 37, and DENY AS MOOT the Farleys' Motion for Leave to File Plaintiff's Second Motion to Dismiss Defendant's Motion for Sanctions, ECF No. 39;

2. DENY the Farleys' Motion to Deny Defendant's Notice of Waiver of Oral Argument, ECF. No. 19; and

3. DENY the Farleys' Motion to Seek Leave for Court to Initiate and Direct an Order for Discovery From Defendants, ECF No. 48.

The Farleys are advised that they may appeal the decision of this Court. Under Federal Rules of Appellate Procedure 3 and 4, any written Notice of Appeal must be filed with the Clerk of this Court within thirty (30) days of the date of entry of this Opinion. Failure to file a timely notice of appeal waives the right to an appeal.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record and the Farleys.

An appropriate Order will issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this   11th   day of June 2015.